IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tommy Lee Franklin, #295541, ) | |
| ) | Civil Action No. 6:08-1277-MBS-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Robert M. Stevenson, III, ) | |
| ) | |
| Respondent. ) | |

      The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

      The record reveals that the petitioner is currently confined in the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC), as the result of his Greenville County manslaughter conviction and sentence. The Greenville County Grand Jury indicted the petitioner at the October 2002 term of court for murder (2002-GS-23-010039). Attorney Marcus Smith represented him on this charge. On August 13-14, 2003, the petitioner received a jury trial before the Honorable C. Victor Pyle, Jr. The jury found him guilty of voluntary manslaughter; and Judge Pyle sentenced him to 20 years imprisonment.

The petitioner filed a *pro se* post-conviction relief (PCR) application (2004-CP-23-1163) on February 19, 2004, alleging the following grounds for relief:

(1)  Ineffective assistance of counsel.

(2)  Counsel failed to file an appeal.

(3)  Violation of the Sixth and Fourteenth Amendments.

The State filed its return on June 15, 2004.

The Honorable Edward W. Miller held an evidentiary hearing into the matter on August 27, 2004, at the Greenville County Courthouse. The petitioner was present at the hearing, and attorney Rodney Richey represented him. Assistant Attorney General Karen Ratigan represented the State. The petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Smith. On September 27, 2004, Judge Miller filed an order of dismissal, in which he denied relief and dismissed the application with prejudice. The order of dismissal addressed the petitioner's claims that trial counsel was ineffective because he failed to file a requested direct appeal. Judge Miller found that the petitioner had not presented any evidence to support any other allegations.

The petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Pachak represented him in collateral appellate proceedings. On April 5, 2005, the petitioner filed a petition for writ of certiorari. The only question presented in the petition for writ of certiorari was stated as follows:

> Whether petitioner knowingly and intelligently waived his right to direct appeal?

The State filed a return to the petition for writ of certiorari on April 25, 2005. The Supreme Court of South Carolina transferred the case to the Court of Appeals pursuant to Rule 227(1), SCACR, on December 20, 2005. The South Carolina Court of Appeals filed an order on March 28, 2006, in which it denied certiorari. It sent the remittitur to the Greenville County Clerk of Court on April 14, 2006.

The petitioner filed a successive *pro se* PCR application (2006-CP-23-2736) on April 21, 2006, in which he alleged the following grounds for relief:

(1)   Denial of right to appellate counsel.

(2)   Harmful error.

The State filed its return and motion to dismiss this application on July 6, 2006, arguing that the application was filed after the expiration of the statute of limitations in S.C. Code Ann. § 17-27-45(A) (Supp. 2006), and that it was a successive PCR application. In his capacity as Chief Administrative Judge, the Honorable G. Edward Welmaker signed a conditional order of dismissal on July 11, 2006, finding that the application should be dismissed because the petitioner had failed to file within the statute of limitations period and because he had not shown a compelling reason that a successive PCR application should be allowed. Judge Welmaker signed a final order of dismissal on October 5, 2006, finding that the petitioner had failed to respond to either the respondent's motion or the conditional order of dismissal and as such failed to show a sufficient reason why the conditional order should not become final. The petitioner did not appeal from this order.

However, the petitioner filed a third *pro se* PCR Application (2006-CP-23-6737) on October 20, 2006, in which he alleged the following grounds for relief:

(1)   Subject Matter Jurisdiction.

(2)   Brady violation.

(3)   Fifth, Sixth, and Fourteenth Amendment Violations.

(4)   Unconstitutional Jury Instructions.

The State filed its return and motion to dismiss on January 9, 2007. The State again argued that the application was untimely under § 17-27-45(A) and that it was barred as successive. The Honorable D. Garrison Hill filed a conditional order of dismissal on January 12, 2007, finding that the application should be dismissed because the petitioner

3

had failed to file within the statutory period in § 17-27-45(A), and that he had not shown a compelling reason that a successive PCR application should be allowed. The petitioner filed a "Reply to Conditional Order of Dismissal," dated January 26, 2007, in which he argued his action sets forth genuine issues of material facts. Judge Hill signed a final order on May 3, 2007, finding that the petitioner had failed to show a sufficient reason why the conditional order should not become final.

The petitioner timely served and filed a notice of appeal to the South Carolina Supreme Court. On May 23, 2007, the South Carolina Supreme Court filed an order of dismissal because the petitioner failed to show that there was an arguable basis for asserting that the determination by the lower court was improper as required by Rule 227(c), SCACR.[1] The South Carolina Supreme Court sent the remittitur to the Greenville County Clerk of Court on June 8, 2007.

In his petition for habeas corpus relief now before this court, the petitioner raises the following allegations:

> **GROUND ONE**: Petitioner was denied his Sixth Amendment right to effective assistance of counsel when trial counsel failed to file direct appeal.
>
> **SUPPORTING FACTS:** Petitioner claims he instructed counsel to file a direct appeal but counsel failed to. Petitioner further claims that counsel's testimony at the first P.C.R. hearing in which he states that he never talked with Petitioner about appealing is evidence of proof that failure to file such appeal was without Petitioner's consent.
>
> **GROUND TWO:** Petitioner was denied his due process rights when trial judge allowed verdict to go to the jury.

---

[1] At the time, Rule 227(c), SCACR, provided that "**(c) Explanation Required**. If the lower court has determined that the post-conviction relief action is barred as successive or being untimely under the statute of limitations, the petitioner must, at the time the notice of appeal is filed, provide an explanation as to why this determination was improper. This explanation must contain sufficient facts, argument and citation to legal authority to show that there is an arguable basis for asserting that the determination by the lower court was improper. If the petitioner fails to make a sufficient showing, the notice of appeal may be dismissed."

4

> **SUPPORTING FACTS:** Petitioner claims that no reasonable factfinder could have found him guilty of voluntary manslaughter beyond a reasonable doubt based on the record in the case.

On August 29, 2008, the respondent filed a motion for summary judgment in this case. By order filed September 2, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response to the motion on October 7, 2008.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to

>the judgment of a State court. The limitation period shall run from the latest of –
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondent argues that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petitioner's conviction became final 10 days after August 14, 2003, as this was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. Rule 203(b)(2), SCACR. Thus, his

conviction became final on August 25, 2003.[2] Accordingly, the limitations period expired on August 25, 2004, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2).

The petitioner filed his original PCR application (2004-CP-23-1163) ("APCR1") on February 19, 2004. At that point, 178 days of non-tolled time had run since the period of limitations began on August 25, 2003. The period of limitations was tolled during the pendency of the APCR1 until no later than April 14, 2006, when the South Carolina Court of Appeals sent the remittitur to the Greenville County Clerk of Court from its order denying certiorari review. *See, e.g. Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action).

On April 21, 2006, the petitioner filed a second PCR application (2006-CP-23-2736) ("APCR2"), which was dismissed on October 5, 2006, as successive and untimely. This order was not appealed. On October 20, 2006, he filed a third PCR application (2006-CP-23-6737) ("APCR3"), which was dismissed as untimely and successive. The petitioner appealed, and the South Carolina Supreme Court dismissed the appeal and sent the remittitur to the Greenville County Clerk of Court on June 8, 2007. The PCR court did not address the merits of either successive application, and both were found to be barred by the statute of limitations. Accordingly, as argued by the respondent, neither of these applications would toll the period of limitations as they were not "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (Time-barred applications for state collateral review are not "properly filed" applications that trigger statutory tolling.).

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed

---

[2]August 24, 2003, was a Sunday; therefore, the petitioner had until the following Monday to serve his notice of appeal. *See* Rule 234(a), SCACR.

at the moment of delivery to prison authorities for forwarding to the District Court. Unfortunately, the copy of the envelope available in the court's docket does not contain a mailroom stamp (*see* petition envelope, court docket no. 1-2). Giving the petitioner every benefit of the doubt, the court will consider the date the petitioner signed his petition, April 2, 2008, as the delivery date. Accordingly, 719 days of non-tolled time accrued from the disposition of the APCR1 on April 14, 2006, until the petitioner signed his federal petition now before this court. Adding the 178 days that accrued between the date his conviction became final and the filing of the APCR1 results in a total of 897 days of non-tolled time, or nearly 2½ years.

Even assuming for purposes of this motion that the petitioner's APCR2 and APCR3 tolled the statute of limitations, the petitioner's filing is still untimely. Prior to the filing of the petitioner's APCR1, 178 days of non-tolled time had run since the period of limitations began on August 25, 2003. The petitioner's APCR3 was final when the South Carolina Supreme Court dismissed the appeal and sent the remittitur to the Greenville County Clerk of Court on June 8, 2007. The *Houston v. Lack* delivery date of the instant petition is April 2, 2008. Accordingly, another 298 days of non-tolled time ran between the petitioner's APCR3 and the filing of the instant petition, for a total of at least 476[3] days of non-tolled time.

Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).

## CONCLUSION AND RECOMMENDATION

Being "mindful that Congress enacted § 2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183,

---

[3]This number does not include the time between the petitioner's APRC1, APCR2, and APCR3.

186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.[4]

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 18) be granted. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late).

s/William M. Catoe
United States Magistrate Judge

January 23, 2009

Greenville, South Carolina

---

[4] The decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), is inapposite on the facts.