IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy Lee Franklin, #295541 )<br>                                    )<br>          Petitioner, )<br>                               )<br>  vs. )<br>                               )<br>Robert M. Stevenson, III, )<br>                               )<br>          Respondent. )<br>_____) | C/A No. 6:08-1277-MBS-WMC<br><br><br>**O R D E R** |

      Petitioner Tommy Lee Franklin is an inmate in the custody of the South Carolina Department of Corrections, currently serving a twenty-year sentence for voluntary manslaughter. On April 9, 2008, Petitioner, appearing *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody [hereinafter Pet.]

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for a Report and Recommendation. On August 29, 2008, Respondent filed a Motion for Summary Judgment. Mot. for Summ. J.; Return and Mem. of Law in Supp. of Mot. for Summ. J. On September 2, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to Respondent's motion on October 7, 2008. Pet.'s Aff. in Opp'n to Resp't Mot. for Summ. J. Respondent did not file a reply.

      On January 23, 2009, the Magistrate Judge filed a Report and Recommendation in which he recommended that Respondent's motion for summary judgment be granted. Report and

Recommendation. Petitioner filed objections to the Report and Recommendation on February 10, 2009. Pet's Aff. in Opp'n to Magistrate Judge Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set out in detail in the Report and Recommendation and shall only be summarized here. On August 14, 2003, Petitioner was found guilty of voluntary manslaughter by a jury in Greenville County, South Carolina and was sentenced to a term of imprisonment of twenty years. Return and Mem. of Law in Supp. of Mot. for Summ. J., Ex. 1, at 231. Petitioner did not appeal his conviction or sentence.

On February 19, 2004, Petitioner filed his initial application for post-conviction relief ("PCR"). Return and Mem. of Law in Supp. of Mot. for Summ. J., Ex. 2. This application was dismissed on September 27, 2004. Id., Ex. 4. After this denial, Petitioner filed a timely notice of appeal. Id., Ex. 5. On April 5, 2005, Petitioner filed a petition for a writ of certiorari. Id., Ex. 6. Pursuant to the South Carolina Appellate Court Rules (SCACR), the petition was transferred to the South Carolina Court of Appeals, which denied certiorari on March 28, 2006. Id., Ex. 9. The Remittitur was returned on April 14, 2006. Id., Ex. 10. Petitioner filed two subsequent PCRs. Both

were dismissed and the Defendant appealed the latter of the two. This latter appeal was dismissed on May 23, 2007. Id., Ex. 21. The Remittitur was returned on June 8, 2007. Id., Ex. 22.

In the instant petition for a writ of habeas corpus, Petitioner alleges ineffective assistance of counsel and a violation of due process.

## II.  DISCUSSION

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 129 S. Ct. 681, 683 (2009). The impact of this statutory modification is reflected in 28 U.S.C. § 2244(d), which sets forth the one year limitation and provides four specified dates, the latest from which the statute of limitation clock begins.[1] Jimenez, 129 S. Ct. at 683; 28 U.S.C. § 2244(d)(1). The statute of limitations begins not at the end of any collateral review, but rather, at the moment when a petitioner's conviction becomes final. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

---

[1]  These four dates are:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D)

However, the statute of limitations is tolled during any period in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This tolling period spans the length of the post-conviction process "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003) (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)). If a petitioner's request for PCR is denied in state court, "neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 257 F.3d 395, 399 (4th Cir. 2001). Untimely post-conviction petitions under state law are similarly excluded from tolling provisions. Pace v. DiGulielmo, 544 U.S. 408, 414 (2005).

In the matter at bar, Petitioner's conviction became final on August 25, 2003. This represents 10 days after his conviction on August 14, 2003, the time allotted to file an appeal with the South Carolina Supreme Court.[2] Thus, Petitioner had until August 25, 2004 to file for federal habeas review unless the time was tolled. When Petitioner's first PCR was filed on February 19, 2004, 178 days had elapsed since Petitioner's conviction became final. The time thereafter was tolled until April 14, 2006, when the South Carolina Court of Appeals issued its Remittitur subsequent to denying Petitioner's petition for writ of certiorari. Petitioner had 187 days remaining in the one-year

---

[2] As the Magistrate Judge correctly noted, 10 days after August 14, 2003 would be August 24, 2003. However, since that day fell on a Sunday, Petitioner had until the following day to file a direct appeal. Report and Recommendation 7 n.2.

4

statute of limitations. However, Petitioner did not file the instant action until April 4, 2008[3], nearly two years later. Petitioner's petition is untimely.

Petitioner filed two successive PCRs, however, as the Magistrate Judge properly found, the successive PCRs do not toll the limitations period because they were not properly filed. Moreover, as the Magistrate Judge indicated, even if the court were to toll the 187 day period based on Petitioner's successive filings, Petitioner's petition still is untimely. The Remittitur on Petitioner's third PCR was issued on May 23, 2007. The period between the Remittitur and April 4, 2008 is 314 days. Combined with the 178 days of previous untolled time, a grand total of 492 days of untolled time well exceeds the one-year statute of limitations found in § 2244(d)(1).[4]

Petitioner filed a timely objection to the Report and Recommendation claiming that the violation of any statute of limitations was caused by inadequate legal resources available to inmates at the Broad River Correctional Institution. Pet.'s Aff. in Opp'n to Resp't Mot. for Summ. J. 1-2. It is alleged that the statute of limitations should be "equitable [sic] tolled." Id. at 2. The court disagrees.

---

[3]  Giving Petitioner the benefit of Houston v. Lack, 487 U.S. 266, 270-71 (1988), the petition for a writ of habeas corpus can be said to be filed on April 2, 2008, the date Petitioner signed the petition. In Houston, the Supreme Court held that a *pro se* prisoner "filed" an appeal with the court at the moment it was delivered to prison officials. 487 U.S. at 270-71. In the instant matter, the lack of a visible date on the envelope Petitioner used to mail his petition makes the date on which he handed it to prison authorities impossible to determine. However, it can be reasonably inferred that Petitioner did not hand his petition to prison officials prior to affixing his signature. Thus, the April 2, 2008 date is as generous, if not moreso, than the Houston date.

[4]  As the Magistrate Judge noted, this computation does not even include time elapsed between Petitioner's first, second, and third PCRs.

The Fourth Circuit has established that the statute of limitations in § 2254 actions is not jurisdictional, but rather subject to the doctrine of equitable tolling. To benefit from this tolling, a petitioner must establish that there existed: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 238. Numerous district courts in this circuit have found that an alleged inadequacy of a prison law library does not rise to the level of "extraordinary circumstances" required by the Fourth Circuit for equitable tolling. See Workman v. Bazzle, 2008 WL 1745182, *10 (D.S.C. Apr. 10, 2008); Johnson v. Warden of McCormick Correctional Inst., 2008 WL 1930033, *7 (D.S.C. Apr. 30, 2008); Swiger v. United States, 2007 WL 81888, *2 (N.D. W.Va. Jan. 8, 2007). Petitioner's objection is without merit.

### III.  CONCLUSION

After reviewing the entire record, the applicable law, the findings and recommendations of the Magistrate Judge, and Petitioner's objections, Respondent's motion for summary judgment (Entry 18) is **granted**. Petitioners's petition for a writ of habeas corpus is dismissed, with prejudice.

**IT IS SO ORDERED**.

s/Margaret B. Seymour
United States District Judge

Columbia, South Carolina
March 16, 2009

### NOTICE OF RIGHT TO APPEAL

Plaintiff hereby is notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.